[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 18, 2005
THOMAS K. KAHN
CLERK

No. 04-11965

OSHRC No. 97-1821

LANZO CONSTRUCTION CO., INC.,

Petitioner,

versus

OCCUPATIONAL SAFETY AND HEALTH
REVIEW COMMISSION, ELAINE L. CHAO,
SECRETARY OF LABOR,

Respondents.

Petition for Review of an Order of the
Occupational Safety and Health Review Commission

(October 18, 2005)

Before DUBINA, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Lanzo Construction Company, Inc. ("Lanzo") petitions for review of a final order of the Occupational Safety and Health Review Commission ("Commission") reclassifying Lanzo's violations of 29 C.F.R. § 1910.422(c)(1)(i) and 29 C.F.R. § 1926.652(a)(1) from "serious" to "willful," and denying Lanzo's Motion to Dismiss for alleged ethical violations of the Secretary of Labor's counsel. After a thorough review of the record, we conclude that the Commission's findings are supported by substantial evidence and do not constitute an abuse of discretion. Accordingly, we deny Lanzo's petition for review of the final order of the Commission.

## I. BACKGROUND

*A. Facts*

The Miami-Dade Water and Sewer Department employed Lanzo for the installation of a force main sewer pipeline. The installation of the pipeline required an underwater diver to go into excavated trenches filled with grayish-brown water to assist in connecting sections of the pipeline. On April 3, 1997, Lanzo's diver, James Atkinson, worked underwater in a trench containing approximately ten feet of water. Underwater visibility was zero. Using surface-supplied air diving equipment, Atkinson and a Lanzo employee on the surface, called the line tender, communicated with each other through pull and tug signals

to Atkinson's air hose. Lanzo failed to provide a two-way voice communications system for Atkinson and the tender as required by 29 C.F.R. § 1910.422(c)(1)(i).[1]

Lanzo also failed to provide protection against cave-ins in the portion of excavation in which Atkinson was working on April 3, 1997, as required by 29 C.F.R. § 1926.652(a)(1).[2] Upon encountering intersecting utility lines, Lanzo believed that installing protection against cave-ins was a more dangerous alternative than foregoing protection. Thus, Lanzo decided to forego any protection in the portion of the excavation in which Atkinson was working. Although Lanzo utilized a trench box in the excavation to protect against cave-ins up until it encountered the intersecting utility lines, and continued to utilize the trench box after it passed the utility lines, Lanzo failed to provide any protection in the portion of excavation in which Atkinson was working on the day at issue.

The Lanzo job site was inspected by an Occupational Safety and Health Act ("OSHA") compliance officer on April 3, 1997. The officer cited Lanzo for seventeen violations of OSHA regulations, only two of which are at issue in this appeal: violation of 29 C.F.R. § 1910.422(c)(1)(i) for failing to provide a two-way

---

[1] 29 C.F.R. 1910.422(c)(1)(i) provides, "[a]n operational two-way voice communication system shall be used between: (i) Each surface-supplied air or mixed-gas diver and a dive team member at the dive location. . . ."

[2] 29 C.F.R. 1926.652(a)(1) provides, "[e]ach employee in an excavation shall be protected from cave-ins by an adequate protective system. . . ."

voice communications system for Atkinson and the tender, and violation of 29

C.F.R. § 1926.652(a)(1) for failing to provide protection against cave-ins in the

portion of excavation in which Atkinson was working at the time of the

inspection.

*B. Procedural History*

Upon Lanzo's timely filing of Notice of Contest of the citations, the case

was heard before an administrative law judge ("ALJ"). During the pendency of

the citation litigation, Secretary's counsel, John Black, contacted Atkinson on two

separate occasions, admittedly without the consent or knowledge of Lanzo's

attorney. Based on Black's conduct, Lanzo filed a Motion to Dismiss contending

that Black improperly contacted Atkinson and obtained privileged attorney-client

information.

The ALJ found that the violations under 29 C.F.R. § 1910.422(c)(1)(i), for

failing to use a two-way voice communications system, and 29 C.F.R. §

1926.652(a)(1), for failing to provide cave-in protection in the trench, were

"serious" rather than "willful" violations. Regarding Lanzo's Motion to Dismiss

based on Black's alleged ethical violations, the ALJ denied Lanzo's motion

finding that it had failed to demonstrate that it was prejudiced by the alleged

ethical violations. The Secretary appealed the ALJ's order to the Commission for

4

discretionary review arguing that Lanzo's violations were "willful" rather than "serious." Lanzo cross-appealed the ALJ's denial of its Motion to Dismiss.

The Commission reversed in part the ALJ's decision by reclassifying the two subject violations from "serious" to "willful." The Commission affirmed the ALJ's denial of Lanzo's Motion to Dismiss, finding that the record was insufficient to establish that Black committed an ethical violation. Commission Chairman Railton filed a concurring opinion in which he found that Black committed the ethical violations in question, but concluded that Lanzo was not entitled to its requested relief of involuntary dismissal because it failed to demonstrate that it was prejudiced by the conduct of the Secretary's counsel.

Lanzo then timely petitioned this court for review of the Commission's final order.

## II. ISSUES

1. Whether the Commission's findings that Lanzo's violations of 29 C.F.R. § 1910.422(c)(1)(i) and 29 C.F.R. § 1926.652(a)(1) were willful are supported by substantial evidence and do not constitute an abuse of discretion.

2. Whether the Commission's denial of Lanzo's Motion to Dismiss based on alleged ethical violations of the Secretary's counsel is supported by substantial evidence and does not constitute an abuse of discretion.

5

## III. STANDARDS OF REVIEW

"OSHRC [Occupational Safety and Health Review Commission] decisions are entitled to considerable deference on appellate review." *Fluor Daniel v. OSHRC*, 295 F.3d 1232, 1236 (11th Cir. 2002). The Commission's findings of fact, "if supported by substantial evidence on the record considered as a whole, shall be conclusive." 29 U.S.C. § 660(a). This court will only reverse the Commission's legal determinations when they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "[A]n OSHRC finding of willfulness is a finding of fact, but the Commission's definition or application of the term is a matter of law." *Fluor Daniel*, 295 F.3d at 1236 (citations omitted).

## IV. DISCUSSION

*A. The Commission's findings that Lanzo willfully violated 29 C.F.R. § 1910.422(c)(1)(i) and 29 C.F.R. § 1926.652(a)(1)*

Willfulness is "an intentional disregard of, or plain indifference to, OSHA requirements." *Reich v. Trinity Indus.*, 16 F.3d 1149, 1152 (11th Cir. 1994) (quoting *Georgia Elec. Co. v. Marshall*, 595 F.2d 309, 317 (5th Cir. 1979)). This generally requires that a party possessed a "heightened awareness" of the applicable OSHA regulation. *Secretary of Labor v. Williams Enters. Inc.*, 13

6

O.S.H. Cas. (BNA) 1249, 1256-57 (O.S.H.R.C. 1987). A determination of heightened awareness has been found when a company has been previously cited for the same violation. *Secretary of Labor v. Revoli Constr. Co.*, 19 O.S.H. Cas. (BNA) 1682, 1685-86 (O.S.H.R.C. 2001).

### 1. Violation of 29 C.F.R. § 1910.422(c)(1)(i)

The record provides substantial evidence that Lanzo's failure to use a two-way voice communications system in violation of 29 C.F.R. § 1910.422(c)(1)(i) was willful: (1) OSHA cited Lanzo for this precise violation in 1994, which involved the same supervisors who were in charge of the site in this case, and again in 1995; (2) Atkinson testified that Lanzo had not used a two-way voice communications system since 1994; and (3) Lanzo's safety manual required the use of a two-way voice communications system.

Lanzo contends that the law precludes the Commission's finding that its failure to provide a two-way voice communications system was willful because its use of the pull and tug system evidenced its intent to protect the diver. However, this court has long held that it does not recognize such "good faith" or "substitution" defenses to an allegation of willfulness. *Georgia Elec. Co.*, 595 F.2d at 319 (5th Cir. 1979) (stating that allowing a good faith defense would defeat "the Congressional purpose of creating a strong and effective federal job

7

safety statute");[3] *Reich*, 16 F.3d at 1153 (holding that "the employer's good faith disregard of the regulations, or the employer's belief that its alternative program meets the objectives of OSHA's regulations" is irrelevant); *Fluor Daniel*, 295 F.3d at 1240 ("When the Secretary alleges that a violation was willful, a company cannot defend itself by claiming that it acted in good faith.").[4]

Accordingly, we affirm the Commission's findings that Lanzo willfully violated 29 C.F.R. § 1910.422(c)(1)(i) in failing to use a two-way voice communications system.

*2. Violation of 29 C.F.R. § 1926.652(a)(1)*

The record provides substantial evidence that Lanzo willfully violated 29 C.F.R. § 1926.652(a)(1) in failing to provide adequate protection from cave-ins in the excavations: (1) Lanzo's safety manual cites the OSHA regulation as the applicable standard; (2) Lanzo was using steel sheeting at the subject work site in other areas in compliance with the regulation; (3) Lanzo was previously cited for

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[4]Additionally, as the Commission noted, the preamble to the Commercial Diving Operations standard specifically rejected pull signals as an adequate substitute for voice communication. 42 Fed. Reg. 37,650, 37,660 (1977).

the same kind of conduct at another site; and (4) the supervisors who managed the site at issue received a copy of the excavation standard in 1994.

Lanzo contends that, in good faith, it could not utilize protection measures in accordance with the subject regulation because of intersecting utility lines, arguing that the installation of protection against cave-ins was a more dangerous alternative. Lanzo further contends that its use of the trench box at the job site up until it encountered intersecting utility lines, and its continued use of the trench box after passing the intersecting utility lines, negates any inference of willfulness.

However, the Commission found that there was a "paucity of evidence" to support Lanzo's contention that no protection was better than any protection against cave-ins. Furthermore, regardless of Lanzo's belief as to the safety of the excavation without cave-in protection, and its use of protection before and after encountering utility lines, Lanzo substituted its own judgment that the trench was "safe enough" for that of the standard, which constitutes a willful disregard for employees' safety. *See Fluor Daniel*, 295 F.3d at 1240. Accordingly, we conclude from the record that the Commission's finding that Lanzo willfully violated 29 C.F.R. § 1926.652(a)(1) is supported by substantial evidence.

B. *The Commission's denial of Lanzo's Motion to Dismiss*

Lanzo contends that the Secretary's counsel committed ethical violations by contacting Atkinson during litigation and allegedly obtaining privileged attorney-client information from Atkinson. Although we conclude from the record that the tactics of the Secretary's counsel are questionable, because there is no showing of prejudice, we deny the petition for review of the Commission's denial of Lanzo's Motion to Dismiss.

## V. CONCLUSION

For the foregoing reasons, we deny the petition for review of the Commission's findings that Lanzo's violations of 29 C.F.R. § 1910.422(c)(1)(i) and 29 C.F.R. § 1926.652(a)(1) were willful and the Commission's denial of Lanzo's Motion to Dismiss.

**PETITION DENIED.**